**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NETLIST, INC.,**<br><br>        **Plaintiff,**<br><br>    vs.<br><br>**SMART STORAGE SYSTEMS, INC.;**<br>**SMART WORLDWIDE HOLDINGS, INC.; AND**<br>**DIABLO TECHNOLOGIES, INC.,**<br><br>        **Defendants.** | **Case No.: 13-cv-05889 YGR**<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

On March 4, 2014, plaintiff Netlist, Inc. filed a motion to Consolidate/Coordinate Related Cases under Rule 42(a)(2):

> [P]laintiff Netlist, Inc. ("Netlist") will move, and hereby does move, this Court to consolidate Related Case Nos. 4:13-CV-05889-YGR and 4:13-CV-03901-YGR (collectively, the "Patent Cases") under the above captioned matter for all purposes including trial pursuant to Federal Rule of Civil Procedure 42(a)(2). Additionally, Netlist requests coordinated discovery with Related Case No. 4:13-CV-05962-YGR (the "Trade Secret Case").

(Dkt. 155 at 1:5-10.) The parties agree that the Patent Cases should be consolidated and that they should, at a minimum, be coordinated with the Trade Secret Case. The dispute stems from the whether the Trade Secret Case should also be consolidated. The Court requires additional information prior to the hearing on this matter as set forth herein.

First, one of the grounds for the disagreement focuses on the impact to the schedules of each set of cases and trial of the same. However, the impact is not sufficiently delineated. Accordingly,

the **PARTIES ARE ORDERED** to meet and confer and to file *jointly* by Monday, April 7, 2014, a Joint Statement which shall attach as an exhibit thereto, in landscape page format, a chart which includes (i) the current schedule as ordered in Action No. 13-cv-3901, (Dkt. 68); (ii) additional rows identifying additional "events" or deadlines which would be required for the Trade Secret Case; and (iii) three additional columns for deadlines: one for "joint" agreement, a second for "plaintiff's proposal," and a third for "defendants' proposal."

Second, in Plaintiff's Reply in support of its motion (Dkt. 165), it argues: "if the Trade Secret Case were to go forward with all four parties, difficult confidentiality issues may arise because some information from one defendant may need to be kept from another defendant." (*Id*. at 3:4-6.) The contours of this perceived issue are not sufficiently explained. The parties are **ORDERED** to meet and confer on this topic as well. In the April 7th submission, the issue shall be more fully explained and the defendants shall respond and include any proposed measures for addressing the issue.

Third, the plaintiff shall provide the court with its Trade Secret Disclosure. If necessary, it may do so under seal.

**IT IS SO ORDERED.**

Dated: April 4, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**