UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NETLIST, INC.**,<br><br>    Plaintiff,<br><br>    vs.<br><br>**SMART STORAGE SYSTEMS, INC., SMART WORLDWIDE HOLDINGS, INC., AND DIABLO TECHNOLOGIES, INC.**,<br><br>    Defendant. | Case No.:13-cv-5889-YGR<br><br>**ORDER DENYING MOTION OF DEFENDANT SMART STORAGE SYSTEMS, INC. FOR STAY PENDING *INTER PARTES* REVIEW, AND DENYING JOINDER IN MOTION BY DEFENDANT DIABLO TECHNOLOGIES, INC.**<br>**(DKT. NO. 218, 220)** |

Presently before the Court is the Motion of Defendant Smart Storage Systems, Inc. to Stay Pending *Inter Partes* Review (Dkt. No. 218) and the joinder in that Motion by Defendant Diablo Technologies, Inc. (Dkt. No. 220). The Court having carefully considered the papers submitted and the pleadings in this action, as well as the record of the action herein, **DENIES** the stay without prejudice to re-filing upon a decision by the Patent and Trademark Office ("PTO") on the pending requests for *inter partes* review of the patents.

"Any person at any time may file a request for reexamination by the [Patent and Trademark] Office of any claim of a patent on the basis of any prior art," 35 U.S.C. § 302. The 2012 Leahy–Smith America Invents Act ("AIA") replaced the former *inter partes* reexamination procedure with an *inter partes* review process. Once a petition for *inter partes* review is filed, the patent owner has

an opportunity to file a preliminary response. The PTO must decide whether to grant *inter partes* review within three months of the patent owner's first response or, in the event no response is filed, by the last date on which the response could have been filed. 35 U.S.C. § 314(b). The PTO may institute *inter partes* review only when it determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition." 35 U.S.C. § 314(a).

The court has "the authority to order a stay [of litigation] pending conclusion of a PTO reexamination." *Software Rights Archive, LLC v. Facebook, Inc.*, C-12-3970 RMW, 2013 WL 5225522, *2 (N.D. Cal. Sept. 17, 2013) ("*Facebook*") (*quoting Ethicon Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed.Cir.1988)). "There is no per se rule that patent cases should be stayed pending reexamination, because such a rule 'would invite parties to unilaterally derail' litigation." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014). Instead, the decision to grant a stay is within the court's discretion, taking into account the totality of the circumstances. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

In determining whether to stay a case pending *inter partes* review, the court considers three factors: (1) how much the litigation has progressed; (2) whether a stay will simplify the issues in question and trial of the case; (3) whether a stay would prejudice the non-moving party. *See Evolutionary Intelligence, LLC v. Apple, Inc.*, C 13-04201 WHA, 2014 WL 93954 at *2 (N.D. Cal. Jan. 9, 2014); *Facebook*, 2013 WL 5225522, *2. These factors must be reviewed in the context of the U.S. Supreme Court's decision in *Fresenius*, which held that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340

(Fed. Cir. 2013) *cert. denied,* 134 S. Ct. 2295 (U.S. 2014). The burden lies with the moving party to persuade the court that a stay is appropriate. *Facebook.*, 2013 WL 5225522 at *2.

## II. DISCUSSION

### A. Stage of the Litigation

The Court first looks to the question of whether the litigation has progressed significantly such that a stay would be disfavored. The status of discovery, claim construction, trial setting, and the overall age of the case are all considerations bearing on this factor. *Convergence Technologies (USA), LLC v. Microloops Corp.*, 5:10-CV-02051 EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) (denying stay where, despite completion of claim construction briefing and age of the case, it had not reached "point of no return"); *cf. Interwoven, Inc. v. Vertical Computer Sys., Inc.*, C 10-04645 RS, 2012 WL 761692 (N.D. Cal. Mar. 8, 2012) (denying stay where parties had fully briefed and received order on claim construction). Moreover, a complete stay of the litigation may be unwarranted where the PTO has yet to decide whether to move forward with *inter partes* review. *Evolutionary Intelligence, LLC v. Apple, Inc.*, C 13-04201 WHA, 2014 WL 93954 at *2 (N.D. Cal. Jan. 9, 2014).

Smart Storage filed petitions for *inter partes* review of the '434 Patent, the '333 Patent; the '501 Patent; the '185 Patent, and the '187 Patent on June 24, 2014. Diablo filed petitions for *inter partes* review the '150 Patent and the '536 Patent on June 22, 2014. Though two new patents were added in Netlist's Second Amended Complaint filed in April 2014, the other five patents have been part of this litigation since it was filed, nearly a year before Defendants submitted requests for *inter*

3

*partes* review to the PTO.[1] Given the timing of the petitions, a decision from the PTO as to whether it will proceed with review is not likely to be received until early 2015.

In the meantime, the parties here have been laboring under the Court's case management schedule as well as the deadlines established by the Patent Local Rules. They have exchanged infringement and invalidity contentions, engaged in significant discovery, and prepared their claim construction statements. The parties are currently scheduled for a claim construction hearing on November 19, 2014. While all discovery is not complete, the September 4, 2014 deadline for claim construction discovery is fast approaching. Over 100,000 pages of responses have been produced, and depositions have been scheduled. Conversely, the litigation has not advanced to the point of a claim construction decision, assessment of the merits, trial, or other "point of no return." *Convergence Technologies (USA), LLC v. Microloops Corp.*, 5:10-CV-02051 EJD, 2012 WL 1232187 at *4 (N.D. Cal. Apr. 12, 2012).

A stay at this time could potentially conserve the resources of the parties and of the Court. Absent other modifications to the case management schedule, this factor tips *in favor* of granting a stay.

**B.   Impact of *Inter Partes* Review**

A stay is favored where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Evolutionary Intelligence,* 2014 WL 93954 at *2 (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.,* 159 F.3d 1337, 1341 (Fed.Cir.1998)). "A stay

---

[1] The Court notes that Diablo filed a declaratory judgment action at the same time Netlist filed its patent infringement claims, seeking a declaration that five of the patents-in-suit were invalid. Thus, Diablo was barred by 35 U.S.C. section 315(a)(1) from filing an *inter partes* review petition as to those patents.

4

may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Id.*

All the asserted claims in all the patents-in-suit are implicated by the petitions for *inter partes* review. Should the PTO grant those petitions, the issues here could be substantially simplified. However, denial of the petitions would have little to no effect on the litigation. In other words, until the PTO determines whether to proceed with *inter partes* review, this factor is *neutral*.

### C. Prejudice to the Non-Moving Party

The Court next looks to whether Netlist would be prejudiced or put at a tactical disadvantage by a stay. Delay alone is not a sufficient to establish prejudice. *See Convergence Technologies (USA), LLC v. Microloops Corp.*, 5:10-CV-02051 EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) (citing cases). However, courts are "generally reluctant to stay proceedings where parties are direct competitors." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, C 12-05501 SI, 2014 WL 121640, *3 (N.D. Cal. Jan. 13, 2014).

In *Verinata*, the district court found that the parties involved were direct competitors in a developing market of only four market participants. The *Verinata* court acknowledged that granting a stay in litigation between competitors "can cause harm in the marketplace that is not compensable by readily calculable money damages." *Id*. "Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude.'" *Id*. (*quoting Avago,* 2011 WL 3267768, at *5.)

In this case, Netlist has offered some evidence to indicate that the products involved are substantially similar, and the parties are both involved in the "memory devices" market. Thus, Netlist argues that a stay could result in a loss of its market share that would not be readily compensable by money damages.

5

Smart Storage has argued that Netlist will not be prejudiced because it can proceed on its trade secret action against Diablo. However, the remedies in that action are not the same as those in this patent case and, regardless, would not run against Smart Storage since it is not a party to the trade secret action.

Smart Storage also argues that Netlist could seek a preliminary injunction in this action if it fears prejudice from market competition. However, several courts, including the recent *Verinata* action, have rejected this argument since a party's decision not to seek a preliminary injunction may be based on many reasons other than its view of the merits of its competition claims. *Verinata*, 2014 WL 121640 at *3 (citing cases). This Court agrees that a showing of the potential for prejudice to Netlist does not depend on whether it has pursued a preliminary injunction here.

The Court also notes that Defendants have not explained adequately their delay in seeking *inter partes* review. This action has been pending for over a year. Had Defendants acted expeditiously in seeking review, the Court would have received an indication by now as to whether the PTO would institute the review process. The timing of Defendants' requests raises concerns that the delay was for strategic purposes only.

Accordingly, this factor weighs *against* a stay of the litigation at this point.

## II. CONCLUSION

Based upon the Court's analysis of the three-factor test, one weighs in favor of a stay, one weighs against, and one is neutral. On the one hand, the Court is mindful of the effect of the *Fresenius* case and does not intend to engage in claim construction that might be rendered moot, or significantly undercut, by a decision of the PTO. On the other, the mere filing of a petition for *inter partes* review tells the Court little about whether such a decision is likely. Accordingly,

Defendants' requests for stay pending *inter partes* review are **DENIED WITHOUT PREJUDICE** to seeking a stay upon the PTO's determination whether to proceed with review.

Given the balancing of the various considerations associated with the posture of this litigation, the Court will not proceed with an early claim construction and *Markman* hearing. The Court will conduct claim construction in conjunction with any summary judgment motions or, alternatively, at the time of trial.

The parties are **ORDERED** to meet and confer on deadlines for a further case management order. The Court **SETS** a further case management conference on **September 22, 2014, at 2:00 p.m.** The parties shall file an updated joint case management seven days in advance of the conference. The *Markman* hearing currently set for November 19, 2014, is **VACATED**.

This Order terminates Docket Nos. 218 and 220.

**IT IS SO ORDERED**.

Date: August 21, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**