UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC,<br><br>        Plaintiff,<br><br>    v.<br><br>SMART STORAGE SYSTEMS INC, et al.,<br><br>        Defendants. | Case No. 13-cv-05889-YGR (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 296 |

    Plaintiff Netlist, Inc. ("Netlist") sues Defendant SanDisk Corporation ("SanDisk"), among others, for infringement of a number of patents. The matter has been referred to the undersigned magistrate judge for the purposes of discovery. (Dkt. No. 147.) Now before the Court is Netlist's individual letter brief requesting an order compelling SanDisk to respond to certain discovery requests. (Dkt. No. 296.) There are two main categories of discovery requests at issue in Netlist's letter. According to SanDisk, however, the disputes as to both categories have already been resolved and Netlist's requests are therefore moot. (Dkt. No. 299 at 1.) In addition, SanDisk argues that Netlist's letter brief is procedurally improper because Netlist filed it without fully engaging in a good faith meet and confer process about each category of documents. (*Id.*)

    The first category, addressed in Section II of Netlist's letter, pertains to discovery requests for which there is no dispute as to scope ("Section II documents"). (*Id.* at 3.) SanDisk had agreed to produce those documents, and the only relief Netlist seeks in this regard is an order compelling SanDisk to produce them by a date certain. (*See id.*) Counsel for SanDisk states that his client had already agreed to produce these Section II documents by February 20, 2015. (Dkt. No. 299 at 2.)

    According to Netlist, the parties were at an impasse about the scope of required production

for the second category of documents, addressed in Section III of Netlist's letter.  (Dkt. No. 296 at 3.)  The discovery requests at issue are Interrogatory 6, which seeks information about SanDisk's "backup, disaster recovery or archiving processes . . . including a description of the schedule and the hardware/software used[,]" and three Requests for Production of Documents (Nos. 8, 31, 33) pertaining to SanDisk's inventory information regarding the Accused Products.  (Dkt. No. 296 at 3-4.)  However, SanDisk's opposition indicates that SanDisk has already agreed to supplement its response to Interrogatory No. 6 by February 27, 2015.  (Dkt. No. 299 at 2.)  In addition, San Disk contends that it "has produced, or will produce, information showing SanDisks['] inventory information[,]" though SanDisk did not state an agreed-upon deadline for this production.  (*Id.*)

The bottom line here is that the parties appear to have managed to resolve these discovery disputes on their own.  In accordance with SanDisk's own representations, SanDisk shall produce the Section II documents by February 24, 2015—a one-day deadline that should not pose any difficulty given SanDisk's agreement to do so by February 20—, and shall respond to the Section III discovery requests by February 27, 2015.  The Court encourages the parties to continue to resolve any remaining discovery disputes informally and without Court involvement and reminds the parties of their obligation to meet and confer in good faith before raising discovery disputes with the Court.  As set forth in the Court's Standing Order, this obligation is a two-way street and requires cooperation from both sides.

This Order disposes of Docket No. 296.

**IT IS SO ORDERED**.

Dated:  February 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge