Gregory L. Lippetz (State Bar No. 154228)
glippetz@JonesDay.com
Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Kathleen D. Lynott (State Bar No. 268387)
kdlynott@JonesDay.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: 1.650.739.3939
Facsimile: 1.650.739.3900

Steven J. Corr (State Bar No. 216243)
sjcorr@JonesDay.com
JONES DAY
555 South Flower Street
Los Angeles, CA 90071
Telephone: 1.213.243.2327
Facsimile: 1.213.243.2539

Attorneys for Defendants/Counterclaimants
SANDISK CORPORATION, AND
SMART STORAGE SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **NETLIST, INC.,**<br><br>  Plaintiff,<br><br>vs.<br><br>**SMART STORAGE SYSTEMS, INC., DIABLO TECHNOLOGIES, INC., and SANDISK CORPORATION**<br><br>  Defendants. | Case No. 4:13-cv-05889-YGR<br><br>JURY TRIAL DEMANDED<br><br>Judge: Hon. Yvonne G. Rogers<br>Trial Date: None Set<br>Hearing Date: April 21, 2015<br>Hearing time: 2:00 p.m. |

**SANDISK CORPORATION'S AND SMART STORAGE SYSTEMS, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW AT THE U.S. PATENT & TRADEMARK OFFICE**

1                           **NOTICE OF MOTION**

2       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE SMART Storage Systems, Inc.'s and SanDisk Corporation's
4  Motion to Stay Pending *Inter Partes* Review at the U.S. Patent & Trademark office was originally
5  scheduled for hearing on February 24, 2015. Pursuant to the Court's order, the hearing was
6  vacated. (ECF No. 291.) SMART Storage Systems, Inc.'s and SanDisk Corporation's Motion to
7  Stay Pending *Inter Partes* Review at the U.S. Patent & Trademark office is hereby noticed for
8  hearing on April 21, 2015.

9  **I.    INTRODUCTION**

10      On January 20, 2015, Defendants SMART Storage Systems, Inc. ("SMART Storage") and
11  SanDisk Corporation (together, "SanDisk") filed a Motion to Stay Pending *Inter Partes* Review
12  at the U.S. Patent & Trademark office ("Motion to Stay"). (ECF No. 283.) On January 23, 2015,
13  Netlist, Inc. ("Netlist) sought an extension for its opposition and filed a stipulation that suspended
14  the briefing schedule for SanDisk's Motion until the Patent Trial and Appeal Board ("PTAB")
15  issued rulings on petitions for *inter partes* review filed by third party Smart Modular
16  Technologies, Inc. ("Smart Modular"). (ECF No. 290.) The Court granted the stipulation on
17  January 27, 2015. (ECF No. 291.) Pursuant to the Court's order, and following the PTAB's
18  decisions on the final Smart Modular petitions on March 13, 2015, SanDisk submits this
19  supplemental statement. For the following reasons, as well as those explained in SanDisk's
20  Motion to Stay, SanDisk renews its request to stay this litigation pending inter parties review of
21  the asserted patents by the Patent Office.

22  **II.   BACKGROUND**

23      On June 24, 2014, SMART Storage[1] moved to stay this case because all seven patents-in-
24  suit were the subject of *inter partes* review ("IPR") petitions. At the time, it was early in the case,
25  almost no discovery had occurred, and SanDisk had not yet been joined as a party. (ECF No.

---

[1] SMART Storage was the only moving party for the initial motion to stay because at the time of filing, SanDisk Corporation was not yet a party to this action.

1  218.)  The Court denied the motion without prejudice (ECF No. 249), ruling that SanDisk could
2  seek a stay "upon the PTO's determination whether to proceed with review."  *Id.*  The Court also
3  modified the schedule in this litigation to eliminate "early claim construction" and to "conduct
4  claim construction in conjunction with any summary judgment motions or, alternatively, at the
5  time of trial."  *Id.*  Briefing on dispositive motions is currently set to begin in June 2015.  (ECF
6  No. 270.)

7  On January 20, 2015, after the PTAB had ruled on the initial IPR petitions filed by
8  SanDisk and co-Defendant Diablo Technologies, Inc. ("Diablo"), SanDisk renewed its Motion to
9  Stay, as directed by the Court.  (ECF No. 283.)  On January 23, 2015, Netlist requested that the
10 remaining briefing and hearing on the renewed Motion to Stay be delayed to allow the PTAB to
11 decide additional IPR petitions that had been filed by Smart Modular as to five of the patents-in-
12 suit.  (ECF No. 290.)  On March 13, the PTAB decided the last of the IPR petitions that have
13 been filed as to the patents-in-suit.  Two motions for reconsideration are pending, and Smart
14 Modular has until April 12 to file additional motions for reconsideration, which would then be
15 decided by May 2015.  Since SanDisk filed the Motion to Stay, no depositions have been noticed
16 or taken, and neither expert discovery nor claim construction has begun.

**III.    THE PTAB'S DECISIONS ON THE PETITIONS FOR *INTER PARTES* REVIEW**

As discussed in SanDisk's Motion to Stay, SanDisk and Diablo filed seven petitions for IPR for all of the seven patents-in-suit.  In December 2014, the PTAB granted four of the seven petitions, three in whole and one in part.  (*See* ECF Nos. 284.1-284.4.)  In March 2015, the PTAB issued decisions on Smart Modular's five IPR petitions, granting two and denying three.  The results of the PTAB's decisions—four of the seven patents-in-suit are now in review—are explained in the following chart:

| Proceeding No(s). | Patent-in-Suit | Filing Defendant or Third Party | Claims To Be Reviewed by PTO |
|---|---|---|---|
| 2014-00882 and 2014-01011 | U.S. Patent No. 7,881,150 (claims 15-17, 22, 24, 26 and 31-33) | Diablo | 15-17, 22, 24, 26 and 31-33 (*includes all asserted claims*) |

| | | | |
|---|---|---|---|
| 2014-00883 | U.S. Patent No. 8,081,536 (claims 1, 16, 17, 24, 30 and 31) | Diablo | 1, 16, 17, 24, 30 and 31 (*includes all asserted claims*) |
| 2014-00971 | U.S. Patent No. 8,359,501 (claims 1, 2, 4-6, 14, 16 and 17) | SanDisk | 1-20 (*includes all asserted claims*) |
| 2014-01374 and 2014-01375 | U.S. Patent No. 8,359,501 (claims 1, 2, 4-6, 14, 16 and 17) | Smart Modular | 1, 2, 4-6, 9-11, 14-17, and 20 (*includes all asserted claims*) |
| 2014-00970 | U.S. Patent No. 8,001,434 (claims 1-4, 14-16, 19-21, and 27, 29 and 30) | SanDisk | 1, 2, 5-12, 13-15, 17-35 (*includes all asserted claims except 3, 4, 16*) |
| 2014-01372 and 2014-01373 | U.S. Patent No. 8,001,434 (claims 1-4, 14-16, 19-21, and 27, 29 and 30) | Smart Modular | 1-4, 14-20, 27, 29 (*includes all asserted claims except 21*) |
| 2014-00982 | U.S. Patent No. 8,516,187 (claims 10, 18, 26 and 31) | SanDisk | Not instituted |
| 2014-00994 | U.S. Patent No. 8,301,833 (claims 1-3, 6, 15, 16, 18, 19 and 22) | SanDisk | Not instituted |
| 2014-01029 | U.S. Patent No. 8,516,185 (claims 13 and 15) | SanDisk | Not instituted |
| 2014-01371 | U.S. Patent No. 8,516,187 (claims 10, 18, 26 and 31) | Smart Modular | Not instituted |
| 2014-01370 | U.S. Patent No. 8,301,833 (claims 1-3, 6, 15, 16, 18, 19 and 22) | Smart Modular | Not instituted |
| 2014-01369 | U.S. Patent No. 8,516,185 (claims 13 and 15) | Smart Modular | Not instituted |

*See id.*; *see also* Supplemental Declaration of Steven J. Corr ("Supp. Corr Decl."), filed concurrently herewith, Exs. 6-12.

**IV.   THE EFFECT OF THE *INTER PARTES* REVIEWS ON THIS CASE**

The Patent Office has now instituted *inter partes* review of all asserted claims in four of the seven patents-in-suit. In total, the Patent Office has instituted *inter partes* review proceedings for 71% (36 out of 51) of Netlist's asserted patent claims, and all of those proceedings are well underway. Of the 36 claims in review, the PTAB is reviewing 21 on anticipation grounds and 15

for obviousness. (*See* ECF Nos. 284.1-284.4; Supp. Corr Decl., Exs. 6-12.) Because motions for rehearing have been filed, and may still be filed by Smart Modular, it is possible that a higher number of asserted claims may ultimately be subject to Patent Office review. But given that the majority of claims are currently in review, it is appropriate to grant a stay at this time.

The Patent Office's latest statistics report that 84% of claims are being invalidated following IPR (*see* Supp. Corr Decl., Ex. 13), making a finding of invalidity likely for more than two-thirds of the patent claims at issue here. Thus, many of the patent claims at issue in this case likely will not exist one year from now. Additionally, the invalidity proceedings at the PTAB all involve discovery, arguing via written submission, and trial. *See* 35 U.S.C. § 316(a)(5)-(7), (10), (13). Since the parties have not completed discovery in this litigation, and claim construction has not begun, denying a stay will result in parallel proceedings in this case and in the invalidity trials at the Patent Office. Granting a stay at this time will thus ensure efficiency and prevent a waste of judicial or Patent Office resources. And, as discussed in the Motion to Stay, this is not a case where certain patents should proceed while others are stayed pending IPR. *See, e.g.*, *Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*, No. CV 14-00471-SJO, 2014 U.S. Dist. LEXIS 133664, at *9 (C.D. Cal. May 8, 2014) (granting stay as to patents subject to IPR proceedings while continuing case as to patents that would be only "minimally impact[ed]" by IPR). Here, the Non-IPR Patents cover similar technology as the IPR Patents and there is only one accused product, meaning that any technical/expert discovery or claim construction is at risk of being mooted or having to be repeated.

In such circumstances—where the parties have been or will be engaged in duplicative proceedings at the district court and the Patent Office, and the case is at an early stage—this Court, as well as other district courts, have found that a stay is advisable because the Patent Office's rulings will simplify the case. *See, e.g.*, *PersonalWeb Techs., LLC v. Apple Inc.*, No. 4:14-CV-1683, 2014 U.S. Dist. LEXIS 136813, at *11 (N.D. Cal. Sept. 24, 2014) (J. Rogers) ("Either the claims, already found reasonably likely to be invalid, will become moot, or the Court will have the benefit of the PTAB's findings. Under both outcomes, the issues in question and trial of the case will be simplified."); *Robert Bosch Healthcare Sys. v. ExpressMD Solutions, LLC*,

No. C 12-00068, 2013 U.S. Dist. LEXIS 27067, at *9-10 (N.D. Cal. Feb. 27, 2013) (granting stay and finding that "[t]he fact that one of the patents-in-suit is not subject to a request for reexamination and that the PTO has rejected reexamining some of the claims of the '375 Patent does not significantly undermine the potential benefits of the reexamination process"); *PersonalWeb Techs. LLC v. Facebook, Inc.*, No. 13-cv-01356, 2014 U.S. Dist. Lexis 4095, at *13-14 (N.D. Cal. Jan. 13, 2014) (granting stay despite significant discovery and issuance of claim construction order because "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead"); *VDF Futureceuticals, Inc. v. Sandwich Isles Trading Co. Inc.*, No. 11-cv-288, 2011 U.S. Dist. Lexis 148766, at *5-6 (D. Haw. Dec. 27, 2011) ("The Court particularly notes that some or all of the Court's determinations at the scheduled Markman hearing [ ] could be undermined by the PTO's reexamination, forcing the Court to hold a second Markman hearing to address new versions of the claims.").

      For these reasons, as well as those explained in SanDisk's Motion to Stay, SanDisk renews its request to stay this litigation pending final decisions in the Patent Office's *inter partes* review of the asserted patents.

Dated: March 17, 2015

Respectfully submitted,
JONES DAY

*/s/ Steven J. Corr*
Steven J. Corr (State Bar No. 216243)
sjcorr@JonesDay.com
JONES DAY
555 South Flower Street
Los Angeles, CA 90071
Telephone: 1.213.243.2327
Facsimile: 1.213.243.2539

Attorney for Defendants,
SANDISK CORPORATION AND
SMART STORAGE SYSTEMS, INC.