UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETLIST INC,<br><br>        Plaintiff,<br><br>    v.<br><br>SMART STORAGE SYSTEMS INC, et al.,<br><br>        Defendants. | Case No. 13-cv-05889-YGR   (JSC)<br><br>**ORDER GRANTING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 297, 306 |

    Plaintiff Netlist, Inc. ("Netlist") sues Defendant SanDisk Corporation ("SanDisk"), among others, for infringement of a number of patents. The matter has been referred to the undersigned magistrate judge for the purposes of discovery. (Dkt. No. 147.) Now pending before the Court are Netlist's administrative motions to file under seal two discovery disputes. (Dkt. Nos. 297, 306.) After carefully considering the parties' submissions, the Court GRANTS in part and DENIES in part the motions.

## DISCUSSION

    There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id.*

**I.     Administrative Motion to File under Seal First Discovery Dispute (Dkt. No. 297)**

Netlist's first motion seeks to seal documents accompanying the parties' first joint letter brief regarding a discovery dispute. (Dkt. No. 297.) The motion is unopposed. Netlist seeks to file the documents under seal because they pertain to information designated as confidential by the parties, including information regarding products still under development and both parties' confidential internal computer networks. (*Id.* at 2; *see also* Dkt. No. 297-1 ¶ 5.)

Exhibit D is communication outlining SanDisk's responses to Netlist's discovery requests. Netlist seeks to seal this document in its entirety, but this request is overbroad; only a portion of the letter pertains to products still under development or the parties' internal networks. The attachment to the letter, however, may be sealed in its entirety, as it relates exclusively to another company's backup system. Likewise, Exhibit F is email communications between counsel, which Netlist has sought to seal in its entirety, but only some portions of the email chain pertain to confidential information. Netlist must meet its obligation under Local Rule 79–5(a) by redacting portions of the document. Exhibit H is a stand-alone copy of a document that was attached to Exhibit D; this document may be sealed in its entirety as it exclusively pertains to another company's backup system. Likewise, Exhibit I is properly filed under seal as it solely pertains to NetList's internal computer networks.

Accordingly, Netlist's administrative motion to file under seal documents submitted in support of the joint letter brief regarding the parties' first discovery dispute is GRANTED in part and DENIED in part. With respect to Exhibits D and F, Netlist shall submit a renewed administrative motion by April 15, 2015, identifying the portions of Exhibit D it wishes to redact for filing under seal.

**II.    Administrative Motion to File under Seal Second Discovery Dispute (Dkt. No. 306)**

Netlist's second motion seeks to seal the parties' joint letter brief regarding a second discovery dispute (Dkt. No. 305) and portions of accompanying documents. (Dkt. No. 306.) According to plaintiff's counsel, the sealing request is appropriate because the discovery dispute references SanDisk's next generation products, and pursuant to the Stipulated Protective Order, the parties must file under seal documents that contain confidential information regarding

1  defendants' hardware and software.  (Dkt. No. 306-1 ¶¶ 5-6.)  Further, counsel for both parties
2  seek to file under seal portions or the entirety of documents accompanying their declarations in
3  support of their positions in the joint letter brief.
4        With respect to the documents accompanying Netlist's counsel's declaration, these
5  accompanying documents include those that SanDisk produced related to its design efforts to date,
6  all of which were designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
7  by SanDisk:  Exhibit B is an internal presentation regarding business decisions for the DDR3 UD
8  product and future plans for a product under development; Exhibit C is an internal presentation
9  solely about planning, design, and scheduling for a product under development; and Exhibit E is
10  an internal email chain at SanDisk discussing the product under development.  These documents
11  are sealable in their entirety as they relate to research and development efforts of future
12  technology and thus contain information highly confidential to SanDisk, the disclosure of which to
13  competitors could harm SanDisk by providing insider knowledge as to the company's business
14  strategies and plans.  In addition, Exhibits A and D are emails among counsel in this case.  The
15  communications in Exhibit A almost exclusively pertain to those aforementioned confidential
16  documents or the next generation products, and it should therefore be sealed in its entirety.  Only a
17  limited portion of Exhibit D, however, addresses the product under development and should
18  therefore only be redacted to remove those references.
19        The Court reaches the same conclusion regarding the documents attached to SanDisk's
20  counsel's declaration.  Exhibit 1 redacts information that pertains to the product under
21  development.  Exhibit 2 is properly filed under seal as it contains confidential information about
22  the source code underlying SanDisk's product.  The redactions to Exhibit 3, emails among counsel
23  in this litigation, are targeted to remove information about the product under development.
24  Exhibit 4 is a confidential document that SanDisk obtained from a third-party entity regarding a
25  request for a future product, and is properly sealed in its entirety.  Exhibit 5 is the SanDisk internal
26  email as Exhibit E, mentioned above, and is therefore properly filed under seal.  Exhibits 6 and 7
27  are versions of the internal SanDisk presentations in Exhibits B and C, mentioned above, and are
28  therefore properly filed under seal as it discusses internal product development, the disclosure of

which could harm the company.

Accordingly, Netlist's administrative motion to file under seal the second discovery dispute and associated documents is GRANTED in part and DENIED in part.  With respect to Exhibit D, Netlist shall submit a renewed administrative motion by March 30, 2015, identifying the portions of Exhibit D it wishes to redact for filing under seal.

## CONCLUSION

For the reasons described above, the Court GRANTS in part Netlist's administrative motions to file under seal.  Netlist shall submit renewed administration motions to seal, as set forth above, by March 30, 2015.

This Order disposes of Docket Nos. 297 and 306.

**IT IS SO ORDERED.**

Dated:  March 19, 2015

_____
Jacqueline Scott Corley
United States Magistrate Judge