UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NETLIST, INC.**, <br><br>Plaintiff, <br><br>vs. <br><br>**SMART STORAGE SYSTEMS, INC., SANDISK CORPORATION, AND DIABLO TECHNOLOGIES, INC.**, <br><br>Defendants. | Case No.:13-cv-5889-YGR <br><br>**ORDER GRANTING MOTION OF DEFENDANTS SMART STORAGE SYSTEMS, INC. AND SANDISK CORPORATION FOR STAY PENDING *INTER PARTES* REVIEW (DKT. NO. 283, 308)** |

Presently before the Court is the renewed Motion of Defendants Smart Storage Systems, Inc. and SanDisk Corporation to Stay Pending *Inter Partes* Review. (Dkt. Nos. 283, 308.) The Court having carefully considered the papers submitted and the pleadings in this action, as well as the arguments of the party at the hearing on April 6, 2015, **GRANTS** the motion for a stay pending *inter partes* review ("IPR").

The Court finds that, in light of the decision of the Patent and Trademark Appeals Board ("PTAB") to grant IPR petitions as to the majority of the seven patents-in-suit, and all or nearly all claims at issue in those patents, a stay pending resolution of those petitions is warranted.

The Court considers the following factors in analyzing a motion to stay pending IPR: (1) how much the litigation has progressed; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would prejudice the non-moving party. *See Evolutionary Intelligence, LLC v. Apple, Inc.*, C 13-04201 WHA, 2014 WL 93954 at *2 (N.D. Cal. Jan. 9, 2014); *Software Rights Archive, LLC v. Facebook, Inc.*, C-12-3970 RMW, 2013 WL 5225522, *2 (N.D.

Cal. Sept. 17, 2013) ("*Facebook*") (*quoting Ethicon Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed.Cir.1988)).

Looking to those factors, the Court finds that the change in circumstances here—namely, the PTAB's determination to proceed with review on the majority of claims—strongly indicates that a stay would simplify the case and avoid duplicative litigation. A stay is favored where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Evolutionary Intelligence,* 2014 WL 93954 at *2 (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.,* 159 F.3d 1337, 1341 (Fed.Cir.1998)). "A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Id.* In light of the grant of IPR review on many of the claims at issue here, this factor is significant. Not only are the majority of the claims now subject to potential invalidation under the PTAB's IPR review, but the other patent claims, as to which IPR review was not granted, cover technologies that are interrelated to those under review, and are all combined in the single accused product at issue.

As to the progress of the litigation, while significant discovery has occurred, the parties concede that only written discovery is concluded. Depositions and expert discovery remain. No claim construction or trial date is scheduled. In short, the litigation has not advanced to the point of a claim construction decision, assessment of the merits, trial, or other "point of no return." *Convergence Technologies (USA), LLC v. Microloops Corp.*, 5:10-CV-02051 EJD, 2012 WL 1232187 at *4 (N.D. Cal. Apr. 12, 2012).

Finally, with respect to the prejudice factor, the Court finds that the evidence, on balance, does not favor denying a stay. Delay alone is not a sufficient to establish prejudice. *See Convergence Technologies*, 2012 WL 1232187 at *2 (citing cases). The Court is mindful that

2

direct competition between parties tends to favor granting a stay. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, C 12-05501 SI, 2014 WL 121640, *3 (N.D. Cal. Jan. 13, 2014). However, the evidence of competition here is equivocal, at least, in light of the record and verdict in the related trade secrets and breach of contract action between Plaintiff Netlist and Defendant Diablo. Moreover, any potential prejudice to Netlist is overshadowed by the number of issues as to which the PTAB now has granted review. With respect to those claims where review has not been granted, they are intertwined with the technology at issue in the sole alleged infringing product.

In sum, because the validity of a majority of patent claims is under review by the PTAB, and other claims not subject to IPR review are nevertheless intertwined with those under review as a practical matter, the Court finds that a stay is now appropriate. The motion for stay pending IPR is **GRANTED**. This matter is **STAYED** until further order of the Court.

All current deadlines and hearing dates are **VACATED**. The Court sets this matter for a compliance hearing on Friday, **October 9, 2015,** at 9:01 a.m. in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. Five (5) business days prior to the date of the compliance hearing, the parties shall file a Joint Statement setting forth the status of the IPR proceedings.

This Order terminates Docket Nos. 283 and 308.

**IT IS SO ORDERED**.

**Date: April 9, 2015**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**